UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>BEAU BENSON, )<br>Defendant. ) | Criminal No: 24-10025-MJJ |

GOVERNMENT'S SENTENCING MEMORANDUM

The United States submits this Sentencing Memorandum to aid the Court in sentencing the defendant, Beau Benson.

Background

On November 21, 2023, the defendant was charged by criminal complaint with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Docket No. 4. On the same day the defendant made his initial appearance in federal court in Boston, at which the United States moved for detention. Docket No. 11. On November 27, 2023, the defendant was released from pretrial detention on conditions. Docket No. 16. On November 21, 2024, the defendant waived his right to an Indictment and pleaded guilty to an Information charging Receipt of child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Docket No. 34. The defendant's guilty plea was pursuant to a Plea Agreement dated January 3, 2024. Docket No. 32. The defendant sentencing is scheduled for July 30, 2024.

Plea Agreement

In the Plea Agreement dated January 3, 2024, the parties calculated the defendant's Total Offense Level as 32. The parties derived at Total Offense Level 32 in the following manner:

a) Defendant's base offense level is 22, (USSG § 2G2.2(a)(2)&(b)(1));

b) Defendant's offense level is increased by 2, because the material involved a prepubescent minor or a minor who had not attained the age of 12 years (USSG § 2G2.2(b)(2));

c) Defendant's offense level is increased by 4, because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence or abuse or exploitation of an infant or toddler (USSG § 2G2.2(b)(4));

d) Defendant's offense level is increased by 2, because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of material, or for accessing with intent to view material (USSG § 2G2.2(b)(6);

e) Defendant's offense level is increased by 5, because the offense involved 600 or more images (USSG § 2G2.2(b)(7)(D); and

f) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

In the Plea Agreement the parties did not calculate the defendant's Criminal History Category or the defendant's Guideline Sentencing Range.

In the Plea Agreement, the United States agreed to recommend the following sentence:

a) incarceration within the Guidelines sentencing range as calculated by the parties;

b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 60 months of supervised release;

    d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) a special assessment of $5,000 pursuant to 18 U.S.C. § 3014 (the "JVTA assessment), unless the Court finds that Defendant is indigent; a special assessment of up to $17,000 pursuant to 18 U.S.C. § 2259A (the "AVAA assessment"), unless the Court finds that Defendant is unable to pay;

    f) restitution to be determined by the Court not later than 60 days after imposition of the sentence;

    g) forfeiture as set forth in the Plea Agreement.

<u>Presentence Investigation Report</u>[1]

United States Probation also calculated the defendant's Total Offense Level as 32. PSR, paragraph 30. Probation also determined that the defendant has no criminal record, zero Criminal History Points, and falls withing Criminal History category I. PSR, paragraphs 32 and 33. With a Total Offense Level of 32 and a Criminal History Category of I, the defendant's Guideline Sentencing Range is 121 to 151 months. PSR, paragraph 61. A five-year mandatory sentence applies in this case, as the defendant has pleaded guilty to Receipt of Child pornography.

<u>Government's Sentencing Recommendation</u>

Under the terms of the Plea Agreement, the United States may ask for any sentence within the Guideline Sentencing Range as calculated by the parties, which is 121 to 151. This is the same range calculated by Probation.

---

[1] At the time the undersigned attorney for the United States filed this Sentencing Memorandum only the initial Presentence Investigation Report dated June 18, 2024 was available. The calculations and citation to the Presentence Investigation Report refer to the initial Report.

The United States respectfully asks the Court to impose a sentence of 70 months of imprisonment, 60 months of supervised release (which is the minimum allowed by statute for a child pornography offense), a mandatory special assessment of $100, a special assessment of $5,000 pursuant to 18 U.S.C. § 3014 (the "JVTA assessment), a special assessment of $17,000 pursuant to 18 U.S.C. § 2259A (the "AVAA assessment"), and restitution to the defendant's victims.

Sentencing Factors

Section 3553(a) of Title 18 enumerates the factors the Court must consider when determining an appropriate sentence. Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. The court also must consider the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.

Argument

The government's request for a sentence of 70 months of confinement is appropriate given the seriousness of the defendant's crime, the vulnerability of his victim's, and need to deter the defendant and others from committing the same or similar crimes in the future. The nature and circumstances of the defendant's offense are most troubling. The defendant viewed horrific child pornography with groups of other men in internet chatrooms while the defendant and the other men masturbated. This case is unusual in that we have videos of the defendant receiving child pornography and the disgusting comments he made to other masturbating men

while they watched children being sexually violated. In one of the videos, the defendant is heard telling another man "I want to see you fucking rape a little girl with your cock," and "[j]ust making out with you while my [young female relative] turns blue," "suffocating her with our cocks." The child pornography received and viewed by the defendant is explicitly described in the Presentence Investigative Report and includes sexual violence against an infant and other young children.

The sentence must reflect the seriousness of the defendant's crime. In determining the seriousness of the crime, we must remain mindful that there are real life victims who have suffered harm by the defendant's actions. Although the defendant did not rape or sexually assault the children in the videos, the defendant's viewing of the videos further victimized these children, some of whom may now be adults. One of the agonies of being a victim of child pornography is that the pain and victimization never stops. Once a video or image of a child being raped or sexually abused is on the internet, it will forever be circulated by those who obtain a perverse sexual thrill from viewing the child's victimization. Victims of child pornography have described that they feel revictimized every time they learn that another person has watched and derived pleasure from images of them being sexually abused.

The sentence imposed must promote respect for the law. The public has a right to expect that sentences imposed on those who victimize children will be significant. The sexual victimization of children is among the most disturbing crimes this court will face and the public expects sentences that reflect the seriousness of these crimes.

The sentence imposed must deter the defendant and others from committing the same or similar crimes. There is no way of knowing if the defendant will ever again commit a child pornography offense. The sentence imposed must demonstrate to the defendant that the cost of

reoffending will be so great that he will be deterred from repeating his criminal actions. Even if this court concludes that the defendant is unlikely to reoffend, there is no way of knowing for sure that will be the case. The safety of children is too important to gamble on the defendant's self-control.

Conclusion

The United States respectfully asks the Court to impose a sentence that includes a sentence of 70 months of confinement and 5 years of supervised release. The defendant committed horrible acts against children. The severity of the defendant's crime warrants the significant but reasonable sentence requested by the United States.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:    */s/ David G. Tobin*
       DAVID G. TOBIN
       Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon all counsel of record by electric filing notice.

*/s/ David G. Tobin*
David G. Tobin
Assistant US Attorney